UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE CONKLIN, | ) |
|     Plaintiff, | ) CIVIL ACTION |
| | ) |
| | ) No. |
| vs. | ) |
| | ) |
| HAWBAKER ENGINEERING, LLC, and | ) JURY TRIAL DEMANDED |
| GLENN O. HAWBAKER, INC., | ) |
| | ) |
|     Defendants | |

## CIVIL COMPLAINT

Leslie Conklin, by undersigned counsel, files this Civil Complaint and in support alleges the following:

I.    Jurisdiction

    1.    The jurisdiction of this court is invoked pursuant to the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. §§ 12101, et. seq.

    2.    Plaintiff has exhausted federal administrative remedies. Plaintiff filed her charge with the Equal Employment Opportunity Commission (EEOC), on or about August 20, 2018, and it was dual filed with the Pennsylvania Human Relations Commission ("PHRC"). On October 15, 2018, the EEOC issued a Right-to-Sue letter. This suit is timely filed.

II.  <u>Venue</u>

3. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff is working for Defendant in Centre County, which is within the Middle District of Pennsylvania, at the time of the illegal actions of the Defendants set forth herein.

III.  <u>The Parties</u>

4. The plaintiff, Leslie Conklin, is a female individual who resides at 239 GeMar Avenue, Pleasant Gap, PA, 16823. At all times relevant, she was, and is, an employee of Defendants, within the meaning of the ADA and ADAAA.

5. Defendant Hawbaker Engineering, LLC ("HE") is a limited liability company with an office and place of business located at 1952 Waddle Road, Suite 201, State College, Pennsylvania, 16803. HE is a wholly owned subsidiary of Glenn O. Hawbaker, Inc. HE is an "employer" within the meaning of the ADA, and ADAAA.

6. Defendant Glenn O. Hawbaker, Inc., ("GOH") is a corporation with an office and place of business located at 1952 Waddle Road, Suite 203, State College, Pennsylvania, 16803. GOH is an "employer" within the meaning of the ADA, and ADAAA.

III.  <u>Factual Background</u>

7. Leslie Conklin has been suffering from significant jaw, head and neck pain related to temporomandibular joint disorder (TMJ). This disorder substantially interferes with and limits Ms. Conklin's major life activities, including but not limited to, eating, sleeping, oral care, speaking and concentrating.

8. Nonetheless, Ms. Conklin can perform the essential functions of her job(s) with or without a reasonable accommodation.

9. Ms. Conklin is a qualified individual with a disability under the ADA and ADAAA.

10. Ms. Conklin is an employee of HE and GOH. HE has required Ms. Conklin to not only work for HE as HE's only administrative assistant, but also for its parent company, GOH, located in the same office building. Plaintiff is a leased/contracted employee of GOH. The two companies share the same Human Resources Department and the same employment policies, practices and procedures. Ms. Conklin has been informed that in addition to all of her job duties at HE, which she has performed for nearly 8 years, she must also work for GOH, performing whatever work assignments GOH demands. The additional work assignments demanded by HE and GOH have caused significant stress, pain, discomfort, anxiety, mental anguish and emotional distress to Ms. Conklin due to exacerbation of her TMJ. Ms. Conklin has submitted documentation of her disability to Defendants.

11. Ms. Conklin informally requested a reasonable accommodation in April of 2018. She formally requested a reasonable accommodation on June 15, 2018. Ms. Conklin asked that she be allowed to continue to perform her job duties at HE, without the required additional work assignments of GOH, for a period of time. In other words, Plaintiff requested the equivalent of job restructuring and/or a temporary leave of absence from her work for GOH for a reasonable period of time to alleviate her pain, stress and anxiety caused by the exacerbation of her TMJ.

12. Neither HE, nor GOH, have suggested, offered, or provided any reasonable accommodation to Ms. Conklin; in fact, Defendants have refused to make or offer any accommodation to Plaintiff.

13. As a result of Defendants' refusal to comply with the ADA, ADAAA and their own company policies and procedures, Ms. Conklin has suffered, and continues to suffer significant pain, discomfort, stress mental anguish and emotional distress.

14. Defendant has a history and reputation of discriminating and retaliating against employees who report disabilities. For example, in 2010, Defendant was sued by the EEOC for disability discrimination and settled with the EEOC, paying $200,000 for its discrimination and agreeing to a consent decree promising not to engage in illegal discrimination in the future. In December of 2017, a jury in Centre County found Glenn O. Hawbaker, Inc. wrongfully discharged an employee for exercising her rights under the Workers' Compensation Act and invaded her privacy for contacting her doctor without authorization in order to manipulate her doctor's care and treatment in furtherance of its plan to wrongfully discharge the employee. The jury found Glenn O. Hawbaker, Inc.'s actions were outrageous and awarded $260,059.68 in compensatory damages and $2 Million in punitive damages.

## COUNT I. THE AMERICANS WITH DISABILITIES ACT

### Discrimination/Failure to Accommodate

15. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

16. At all times material hereto, Plaintiff is, and was a qualified individual with a "disability" within the meaning of the ADA, as amended by the ADAAA, as defined at 42 U.S.C. §12102(2), 29 C.F.R. §1630.2(g), in that she has a physical or mental impairment that limits one or more of her major life activities, and she was capable of performing the essential functions of her job with a reasonable accommodation.

17. Plaintiff advised Defendants of her need for a reasonable accommodation.

18. Defendants have failed to engage in any meaningful, good-faith interactive process with Plaintiff and have failed to suggest, offer, or provide any reasonable accommodation.

19. Plaintiff has endured physical pain, mental anguish and inconvenience as a result of Defendants' conduct and has been to unable enjoy equal benefits and privileges of employment similar to employees without disabilities.

20. Defendants' failure to provide any reasonable accommodation was intentional, malicious and recklessly indifferent to Plaintiff's legal rights.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, plus costs of this action, injunctive relief in the form of a court order requiring a reasonable accommodation, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

JURY TRIAL DEMANDED

Respectfully submitted.

By /s/ Thomas B. Anderson, Esquire
    Thomas B. Anderson, Esquire
    Pa. I.D. No. 79990

THOMSON, RHODES & COWIE, P.C.
Firm #720
Two Chatham Center, 10th Floor
Pittsburgh, PA  15219-3499
(412) 316-8684
tba@trc-law.com

Counsel for the Plaintiff

Dated: November 5, 2018