# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE CONKLIN, | No. 4:18-CV-02128 |
| Plaintiff, | (Judge Brann) |
| v. | |
| HAWBAKER ENGINEERING, LLC, and GLENN O. HAWBAKER, INC., | |
| Defendants. | |

## ORDER

### JULY 3, 2019

1. On November 5, 2018, Ms. Conklin filed a complaint against Defendants alleging a discrimination/failure to accommodate claim under the Americans with Disabilities Act (ADA), ECF No. 1.

2. On February 19, 2019, Ms. Conklin filed an amended complaint containing an ADA retaliation claim, ECF No. 13.

3. On March 15, 2019, Ms. Conklin filed a second amended complaint that combined both her ADA discrimination/failure to accommodate claim and ADA retaliation claim into one pleading, ECF No. 15.

4. On May 15, 2019, this Court struck Ms. Conklin's second amended complaint because she did not seek leave of court pursuant to Rule 15(a), and her second amended complaint was neither appended to the required motion seeking leave to amend, nor did it highlight material stricken or

inserted pursuant to Local Rule 15.1. The Court advised both parties that if Ms. Conklin "wishes to amend her complaint in a way that complies with both the federal and local rules, the Court will evaluate her request accordingly," ECF No. 20.

5. On June 10, 2019, Plaintiff filed a motion to "Reinstate Original Complaint and Answer and Alternative Motion to Amend Complaint," ECF No. 21, in which Ms. Conklin appears to seek voluntary dismissal of her ADA retaliation claim without prejudice to her refiling once her administrative remedies have been exhausted, ECF No. 26 at 4. Accordingly, the third amended complaint contains only the ADA discrimination/reasonable accommodation claim that Ms. Conklin advanced in her original complaint.

6. Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading . . . with . . . the court's leave," which leave "should [be] freely give[n] . . . when justice so requires."

7. The United States Court of Appeals for the Third Circuit has indicated that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

8. That court has also noted that "prejudice to the non-moving party is the touchstone for the denial of an amendment," and that "[d]elay alone is not sufficient to justify denial of leave to amend." *Id.*

9. Defendants have demonstrated neither undue prejudice nor undue delay, and Plaintiff has complied with both Rule 15(a) and Local Rule 15.1.

10. Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reinstate Original Complaint and Answer and Alternative Motion to Amend Complaint, ECF No. 21, is **GRANTED**, and Plaintiff **SHALL FILE** her Third Amended Complaint within seven (7) days.

11. Plaintiff's ADA retaliation claim found within Count II of Plaintiff's Amended Complaint, ECF No. 13, is **DISMISSED WITHOUT PREJUDICE**.

12. Should the parties require extending the deadline for fact discovery, see ECF No. 12, the Court will entertain such a request if made by motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge